Lisa S. Kantor (State Bar No. 110678)
 e-mail: lkantor@kantorlaw.net
Elizabeth K. Green (State Bar No. 199634)
 e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525 (Tel)
(818) 350 6272 (Fax)

Attorneys for Plaintiff Amy Rice

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY RICE, | Case No.: 5:17-cv-6992-HRL |
| Plaintiff, | **FIRST AMENDED ERISA COMPLAINT** |
| v. | |
| CISCO SYSTEMS, INC., | |
| Defendant. | |

**Parties**

1. Plaintiff resides in Cumming, Georgia and brings this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et. seq.* ("ERISA").

2. Plaintiff's husband works for Cisco Systems Inc., a California corporation headquartered in San Jose, California. As a benefit of his employment, Plaintiff's husband had health benefits under an ERISA-regulated self-funded employee welfare benefit plan as defined in 29 U.S.C. §1002(1).

3. Plaintiff was a participant in the plan established by Cisco Systems, Inc. within the meaning of 29 U.S.C. §1002(7) and is authorized to bring this action to enforce her rights and recover benefits due under the Plan pursuant to 29 U.S.C. §1132(a)(1)(B).

4. At all relevant times, Plaintiff had health insurance coverage under the Cisco Systems Inc. Cigna Open Access Plus PPO-style plan (the "Plan").

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1331.

6. Venue is proper in this District under 29 U.S.C. §1132(e)(2).

## Facts

7. This action arises from Plaintiff's request for Hematopoietic Stem Cell Transplant (HCST) for Inflammatory Multiple Sclerosis. This request was made by letter dated July 28, 2016 from Richard K. Burt, M.D., Chief, Division of Immunotherapy, Northwestern Medicine.

8. On August 10, 2016, Cigna Health Management, Inc., on behalf of the Plan, denied the request on the grounds that the requested service was not covered.

9. On August 25, 2016, Dr. Burt filed an expedited appeal on Plaintiff's behalf, indicating that Plaintiff had severe relapsing remitting multiple sclerosis and had been medically approved to be treated on a compassionate basis. Dr. Burt wrote that Plaintiff had failed conventional therapy, was actively having relapses despite treatment with Copaxone and steroids and had suffered disease progression despite standard therapy. Dr. Burt further stated that the treatment was medically necessary because it was required for the treatment of management of a medical symptom or condition, it was the most efficient service and it was the most economical service that could safely be provided.

10. On October 7, 2016, Cigna upheld its decision on appeal on the ground that the treatment was experimental.

11. On November 22, 2016, Plaintiff submitted a second level appeal.

12. On December 9, 2016, Cigna denied the second level appeal.

13. Plaintiff requested an external appeal, and a fourth and fifth level appeal, all of which were denied.

## Claim for Denial of Benefits

14. Plaintiff has exhausted her administrative remedies and fulfilled all other prerequisites to filing an action to recover benefits under 29 U.S.C. §1132(a) (1) (B).

15. As a result of the wrongful denial by the Plan, Plaintiff was forced to pay out of pocket for the medically necessary HCST for her condition in the amount of $125,000 by withdrawing from her retirement accounts, incurring fees and tax penalties. The treatment constituted covered services for which payment was due by the Plan. The treatment was not experimental. Nearly one hundred (100) plans, including some administered by Cigna, have approved HCST treatment for patients like Plaintiff with severe relapsing remitting multiple sclerosis.

16. Plaintiff is entitled to reimbursement for the amount she paid for the treatment she requested under the Plan as well as her costs of borrowing the money to pay for that treatment.

## Claim for Costs and Attorneys' Fees

17. As a result of Defendant's wrongful denial of benefits, Plaintiff was forced to retain an attorney and has incurred court costs and attorney fees.

18. Plaintiff is entitled to recover her court costs and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g).

**Prayer for Relief**

WHEREFORE, Plaintiff requests judgment against Defendant:

1. For coverage for HCST treatment wrongfully denied, in the principal amount proven at trial, as well as the costs of borrowing the money to pay for that treatment;

2. For costs and reasonable attorneys' fees incurred;

3. For post judgment interest on the foregoing amounts; and

4. For such other relief as the Court deems just and proper.

Dated: December 8, 2017

**KANTOR & KANTOR, LLP**
LISA S. KANTOR

By: */s/ Lisa S. Kantor*
Lisa S. Kantor
Attorneys for Plaintiff
Amy Rice